ANDREWS *v.* CHENEY.

The property in goods selected by the vendor under a contract of sale by sample does not pass to the purchaser unless he authorized the vendor to make the selection.

One who has bargained and paid for unascertained goods, to be delivered when called for, cannot, without requesting a delivery, treat the contract as rescinded and recover the purchase-money.

ASSUMPSIT, to recover money paid for goods. Facts found by a referee. October 28, 1879, the plaintiff bought goods of the defendant and paid for them. The defendant did not have in stock the goods wanted, and the plaintiff selected the kind and quality desired from samples. The defendant agreed to have the goods at his store within two weeks, at which time the plaintiff was to call for them; if they were ready before that time the defendant agreed to notify him. Within the stipulated time the defendant got the goods into his store, set them apart by themselves, and marked them with the plaintiff's name. The goods, together with the store, were destroyed by fire November 21, 1879, the plaintiff not having called for them. The court ordered judgment for the defendant, and the plaintiff excepted.

*J. H. Albin,* for the plaintiff.

*A. P. Davis,* for the defendant.

CARPENTER, J. The property in the goods did not pass to the plaintiff by virtue of the contract, for they were not then ascertained, and may not have been in existence. The agreement on the part of the defendant was executory. He agreed to furnish

goods corresponding to the samples selected by the plaintiff. If the goods, subsequently procured and set apart by the defendant, did not conform to the samples, the plaintiff had a right to reject them. It does not appear that he waived that right. The defendant was not concluded by his selection; he might have sold or otherwise disposed of the particular articles set apart by him, and substituted others in their place. A contract of sale is not complete until the specific goods upon which it is to operate are agreed upon. Until that is done the contract is not a sale, but an agreement to sell goods of a particular description. It is performed on the part of the vendor by furnishing goods which answer the description. If, as in the case of a sale by sample, the specific goods are not ascertained by the agreement, the property does not pass until an appropriation of specific goods to the contract is made with the assent of both parties. *Bog Lead Mining Co.* v. *Montague*, 10 C. B. N. S. 489; *Jenner* v. *Smith*, L. R. 4 C. P. 270; *Heilbutt* v. *Hickson*, L. R. 7 C. P. 438; *Merchants' N. Bank* v. *Bangs*, 102 Mass. 291; Black. Sales 122, 127; Benj. Sales, *s.* 358. If the plaintiff authorized the defendant to make the selection, the property immediately on the selection vested in the plaintiff. *Aldridge* v. *Johnson*, 7 E. & B. 885. It not appearing that the plaintiff gave such authority, the goods at the time of the fire were the property of the defendant, and their destruction was his loss.

By the terms of the contract the defendant was to have the goods at his store within two weeks, at the end of which time, or sooner if notified that they were ready, the plaintiff was to call for them, and the defendant was to deliver them. Within the stipulated time the defendant procured the goods and had them ready for delivery. This was all the agreement required him to do, and all that he could do until the plaintiff came for them. The plaintiff's call being a condition precedent to the defendant's obligation to deliver, must be shown in order to entitle the plaintiff to treat the contract as rescinded and recover back the purchase-money.

It may be that the trial before the referee proceeded upon the mistaken theory that the rights of the parties were concluded by the destruction by fire of the particular goods selected by the defendant, and that the only question was upon whom the loss of those goods should fall. The plaintiff did not call for the goods before the fire; but whether he did after the fire does not appear, and may have been considered immaterial. The rights of the parties under the agreement were not affected by the destruction of the goods. If they were set apart without authority from the plaintiff, he still had the right to call for the goods he bargained for, and the defendant was bound to deliver them. Upon the defendant's neglect or refusal to deliver them upon request as well after as before the fire, the plaintiff might at his election rescind the contract and recover the purchase-money, or affirm it and

recover for the breach. *Drew* v. *Claggett*, 39 N. H. 431; *Weeks* v. *Robie*, 42 N. H. 316; *Swazey* v. *Company*, 48 N. H. 200.

The case may be recommitted to the referee, if the plaintiff desires it, for the purpose of showing a call for the goods after the fire. If recommitted, it will be open to the defendant to show that he was authorized by the plaintiff to select the goods. As the case stands the exceptions are overruled.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.